IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RICHARD HATCH,

        Plaintiff,

v.                                              Civil Action No. 2:07cv104
                                              (Judge Maxwell)

DOMINIC A. GUTIERREZ, WAYNE
PHILLIPS, LEWIS BRESCOACH,
VERONICA FERNANDEZ, DANIEL J.
HICKEY AND RENEE CROGAN,

        Defendants.


## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTED COUNSEL

       This case is before the Court on the plaintiff's Motion for Appointment of Counsel, filed January 14, 2008. In the motion, the plaintiff seeks appointed counsel because he is unable to afford counsel, because he believes the issues raised in the complaint are serious and complex, and because he has no practical knowledge of the law.

       In contrast to criminal proceedings, appointment of counsel in a civil case is not a constitutional right; it is a decision within the Court's discretion. See 28 U.S.C. § 1915(e)(1). The Court should request counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir 1984).

In this case, the plaintiff has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. In fact, at the hearing held on January 22, 2008, it was made known to the Court that the plaintiff is articulate and well-educated. In addition, the plaintiff has owned and operated his own business and is a published author. Therefore, although the plaintiff may not have any formal legal training, the Court is of the opinion that the plaintiff has the ability to adequately and effectively prosecute this case at this time. Accordingly, the plaintiff's motion for appointed counsel (dckt. 10) is **DENIED.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: February 6, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE