IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD HATCH,**

    **Plaintiff,**

**v.**                                                                                                                        **Civil Action No. 2:07cv104**
                                                                                                                       **(Judge Maxwell)**

**DOMINIC A. GUTIERREZ, WAYNE
PHILLIPS, LEWIS BRESCOACH,
VERONICA FERNANDEZ, DANIEL
J. HICKEY AND RENEE CROGAN,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S
## REQUEST FOR INJUNCTIVE RELIEF

The *pro se* plaintiff initiated this case on December 18, 2007, by filing a civil rights complaint against the above-named defendants. In the complaint, the plaintiff seeks declaratory, injunctive, compensatory and punitive relief, for the defendants alleged deliberate indifference to his serious medical needs. The plaintiff was granted permission to proceed as a pauper on January 22, 2008, and he paid an initial partial filing fee on February 4, 2008.

On February 6, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the Clerk was directed to issue summonses and forward copies of the complaint to the United States Marshal Service for service of process. The record reflects that the defendants, and the United States Attorney's Office and the Attorney General of the United States, were all served on different days between February 7, 2008, and February 15, 2008. Thus, on April 1, 2008, the defendants requested permission to extend the time to respond and to file a consolidated answer. That motion was granted

on April 4, 2008. On May 15, 2008, the defendants sought an additional enlargement of time, up to and including June 13, 2008, to file their consolidated response. That motion was granted on May 20, 2008. Accordingly, the defendants' consolidated answer is now due on June 13, 2008.

On April 10, 2008, the plaintiff filed a response to the defendants' first request for additional time and request for injunctive relief. To the extent that the plaintiff objects to the defendants's first motion to extend time, that objection is **MOOT**. As to the plaintiff's request for injunctive relief, the plaintiff asserts that he suffers pain, and *possibly* irreparable harm, by the defendants continued lack of medical care. Thus, the plaintiff seeks an Order directing the defendants to immediately address his serious medical and dental needs. For instance, the plaintiff asserts that he still has not "received any pain management nor standard treatment to address his easily treatable dental problems." Motion at 2. In addition, the plaintiff asserts that although he has complained of blood in his ejaculate, he has not been seen by a urologist and his hemospermia remains undiagnosed and untreated. Id. at 2-3. Next, the plaintiff asserts that, due to a family history of colon cancer and precancerous skin lesions, the defendants' refusal to provide him a colonoscopy (for "blackish blood" in his stool) and a dermatological exam (for "suspect" areas), is unreasonable. Id. at 3. The plaintiff further asserts that the defendants' neglect of his medical complaints "*may* prove fatal." Id. (emphasis added).

The standard for granting injunctive relief in this Court is the balancing-of-hardship analysis set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In making this analysis, the Court must consider the following four factors:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

2

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

In his case, the plaintiff has failed to establish that he will suffer irreparable harm if an injunction does not issue. At best, the plaintiff merely speculates that his family history puts him at risk for certain medical problems and/or conditions. Moreover, the plaintiff has not, at this time, established a likelihood that he will succeed on the merits of his claims. The merits of the plaintiff's claims can only be determined after an answer is filed and the plaintiff has filed his reply, neither of which has happened yet. Accordingly, the undersigned recommends that the plaintiff's request

for injunctive relief (dckt. 35) be **DENIED without prejudice**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 18, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE